UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV116-3-V
(5:05CR205-V)

| | |
|---|---|
| DANNY KEITH THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1) and Respondent's Motion to Dismiss. (Doc. No. 17).[1] (Doc. No. 5). For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed and the Government's Motion to Dismiss will be granted.

## I. Factual and Procedural Background

A review of the record reflects that on November 7, 2005, Petitioner pled guilty to Counts Two and Three of the Indictment charging him with attempted possession of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Crim. Case 5:05cr205, Doc. No. 15: Plea Agreement). During the Plea and Rule 11 hearing on November 7, 2005, Magistrate Judge

---

[1] On June 10, 2011 the undersigned, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advised Petitioner of his obligation to respond to the Government's Motion to Dismiss. (Doc. No. 19). Petitioner was specifically advised that his "failure to respond may result in granting a judgment on the pleadings for Respondent, that is, in the dismissal of the Motion to Vacate with prejudice." (Id. at 2). Petitioner's response was due on or before July 11, 2011. No response has been received by the Court.

1

David C. Keesler reviewed with the Petitioner the counts of the Indictment to which Petitioner pled and the maximum penalties for each. (Doc. No. 32 at 5-6). The Government, in summarizing the terms of the Plea Agreement, stated that Petitioner agreed to plead to Counts Two and Three of the Indictment specifically stating that Petitioner's plea to Count Three was to possession of a firearm in furtherance of a drug trafficking crime. (Crim. Case, 5:05cr205, Doc. No. 32: Transcript of Plea and Rule 11 hearing at 9). Petitioner stated that he understood the charges and the maximum penalties and that he was, in fact, guilty of counts Two and Three of the Indictment. (Id. at 6,8). Pursuant to the Plea Agreement, Petitioner stipulated that there was a factual basis to support his guilty pleas and that the Court may use the offense conduct set out in the Presentence Report to establish the factual basis for his plea. (Criminal case 5:05cr205, Doc. No. 15: Plea Agreement at 3). Magistrate Judge Keesler accepted Petitioner's plea, concluded that it was knowingly and voluntarily made and that Petitioner understood the charges, potential penalties and consequences of his plea. (Id., Doc. No. 32: Plea and Rule 11 Transcript at 14).

In preparation for the Sentencing Hearing, the probation officer prepared a Presentence Report ("PSR"). The Probation Officer listed the charges to which Petitioner agreed to plead as attempted possession with intent to distribute methamphetamine and possession of a firearm in violation of § 924(c). (PSR at 1, 3) In the Offense Conduct section of the PSR, the Probation Officer summarized the circumstances of the offenses to which Petitioner pled guilty. (PSR at 3-4). According to the PSR, in March of 2005, law enforcement officers in Lincoln County, North Carolina were investigating methamphetamine sales in the area, an investigation that ultimately led to the arrest of Michael Dean Williams, a local distributor of methamphetamine. On the date

the officers arrested Mr. Williams, they learned that Mr. Williams had spoken with Petitioner about trading firearms for methamphetamine. Some time after Mr. Williams was arrested, Petitioner arrived at Mr. Williams' residence, and as a result of a search of Petitioner's automobile, officers seized a small quantity of methamphetamine, a pipe used to smoke methamphetamine, and three firearms, including an SKS assault rifle. Petitioner admitted to the officers that he intended to trade the assault rifle to Williams for 3.5 grams of methamphetamine and that he had purchased methamphetamine from Mr. Williams on over 25 occasions in quantities ranging between 3.5 and 14 grams. (PSR at 3-4).

On August 16, 2006, Petitioner appeared before the undersigned for sentencing. Petitioner reaffirmed his responses to Judge Keelser at the Plea and Rule 11 hearing and stated that he was, in fact, guilty of Count Two – attempted possession with intent to distribute methamphetamine and Count Three – possession of a firearm. (Doc. No. 33: Transcript of Sentencing Hearing at 2). The Court confirmed that there was a stipulation as to the existence of an independent basis in fact to support the plea containing the essential elements of the offenses charged. (Crim. Case. 5:05cr205: Doc. No. 33: Sentencing transcript at 3). Both Petitioner's counsel and the Government agreed that there was such a stipulation. (Id.). Indeed, Petitioner stipulated as part of his Plea Agreement, that there was a factual basis to support his plea and that the Court could use the offense conduct set out in the Presentence Report to establish the factual basis for his plea. (Crim. Case 5:05cr205, Doc. No. 15: Plea Agreement at ¶ 14). The Court then found that based on the stipulation and the admissions of Petitioner, that there was a factual basis for the plea. (Id.) The undersigned sentenced Petitioner to 30 months on Count Two and 60 months on Count Three to be served consecutively for a total of 90 months imprisonment.

Judgment was entered August 30, 2006 and Petitioner did not appeal. (Crim. Case 5:05cr205: Doc. No. 20: Judgment).[2]

Petitioner filed the instant § 2255 motion on October 10, 2008, over two years after he was sentenced. Citing Watson v. United States,552 U.S. 74 (2007), Smith v. United States, 508 U.S. 223, 237 (1993) and United States v. Bailey, 516 U.S. 137 (1995),[2] Petitioner argued that "the firearm found was not a 'firearm' as defined under 924(c)(1)(A) but simply, as in 'Bailey' as medium of exchange." As such, [he] should not have been charged and sentenced under the statute." (Doc. No. 1-1 at 11). Petitioner argued that the limitations period governing his Motion began to run on December 10, 2007 when the Supreme Court decided the case of Watson v. United States, 552 U.S. 74 (2007), in which the Court announced a new rule. 28 U.S.C. § 2255(3). On November 3, 2008, this Court dismissed Petitioner's Motion to Vacate as untimely. (Doc. No. 2). By Order dated December 29, 2010, the Fourth Circuit Court of Appeals vacated this Court's November 3, 2008 Order and remanded for further proceedings. United States v. Thomas, 627 F.3d 534 (2010). The Fourth Circuit concluded that the Supreme Court recognized

---

[2] The Court notes that the Judgment of Conviction relates the offense of conviction as "using and carry a firearm during and in relation to a drug trafficking crime" instead of possession of firearm in furtherance of a drug trafficking crime, which is what Petitioner pled to. The Court will, therefore, direct the Clerk to correct this clerical error and issue an amended Judgment and Commitment form indicating that Petitioner is guilty of possession of a firearm in furtherance of a drug trafficking crime and not using and carrying a firearm, although both offenses are described in the same statute – section 924(c).

[2] The Court notes that Bailey is not applicable to instant case. Petitioner pled to possession under § 924(c) and not to "use" under the same. The Bailey Court interpreted the "use" provision of § 924(c) and held that a defendant does not "use" a firearm during and in relation to a drug trafficking activity unless he actively employs the firearm. In response to Bailey, Congress amended § 924(c) in 1998 to also criminalize possession of a firearm in furtherance of drug trafficking crimes. 18 U.S.C. § 924(c)(1)(A).

a new rule in Watson which is retroactively applicable to cases on collateral review. (Id.). The Fourth Circuit also acknowledged that Petitioner's claim may not even encompass a Watson claim stating that "the factual basis of Thomas's precise claim is not entirely clear from the motion. Indeed, Thomas's claim may not even encompass an argument that he only pled to 'use' of the firearm and that he merely received the firearm in trade for methamphetamine. Under the circumstances, we think the better course is to simply vacate the district court's decision denying the motion as untimely and remand the matter to the district court for further consideration of the claim and the parties' respective arguments." Id. at 540. In accordance with the Fourth Circuit's Order, the Court directed the United States to file an Answer detailing Petitioner's allegations and responding to each. (Doc. No. 13). In response, the Government filed the instant Motion to Dismiss on June 9, 2011 arguing that Petitioner is procedurally barred from challenging his sentence pursuant to Watson because he failed to raise this claim on direct review and he cannot establish cause or prejudice to overcome the procedural default. Although the Court directed Petitioner to file a response to the Government's Motion to Dismiss on or before July 11, 2011, Petitioner has not filed a response to the Government's Motion to Dismiss. (Doc. No. 19).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the court must direct the Government to respond. Id. The court must then review the Government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted

pursuant to Rule 8(a). A district court may dismiss a petitioner's claim without an evidentiary hearing when the pleadings and additional materials submitted by the parties conclusively show that a petitioner is not entitled to relief on any of his claims. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Following such review, the Court finds that the pleadings conclusively show that Petitioner is not entitled to relief on any of his claims; thus, a hearing is not required.

### III. Analysis

In his Motion to Vacate, Petitioner primarily relies on the Supreme Court's decision in Watson v. United States, arguing that the firearm was not "used" during and in relation to a drug trafficking crime, as required for his conviction under § 924(c), but was, instead, a "medium of exchange." (Doc. No. 1 at 4-5). Petitioner submitted an affidavit in support of his motion, in which he stated that the firearm that served as the basis for his § 924(c) conviction "was not a firearm . . . but was being used to purchase an illegal substance and represented merely a 'medium of exchange.'" (Doc. No. 1-1 at 12).

While the Government contends that Petitioner's Watson claim is procedurally barred from habeas review as Petitioner failed to raise the claim on direct appeal, this Court will proceed directly to the merits of Petitioner's claim.

In Watson, the case upon which Petitioner relies, the Supreme Court narrowed the scope of 18 U.S.C. § 924(c) by holding that a person who trades drugs for a firearm does not "use" the firearm "'during and in relation to . . . [a] drug trafficking crime.'" Watson, 552 U.S. 74, 76 (2007). The Supreme Court's decision in Watson was explicitly limited to the "use" prong of § 924(c). The Court declined to address whether a defendant's receipt of a firearm in exchange for

6

drugs constitutes "possession" of a firearm in furtherance of a drug trafficking offense.³ Id. at 585-86.

In this case, Petitioner pled guilty, as set forth in the Plea Agreement, the Plea and Rule 11 Transcript and the Sentencing Transcript, to "possession of a firearm in furtherance of a drug trafficking crime." (Crim. Case 5:05cr205, Doc. Nos. 15, 32 and 33). Because the Supreme Court limited the holding of Watson to the "use" prong of § 924(c) and Petitioner pled to, and was convicted of, "possession in furtherance" prong of § 924(c), Watson is inapposite, and Petitioner is not entitled to habeas relief on Watson. Moreover, the facts in support of Petitioner's guilty plea to the gun charge include Petitioner admitting that he intended to trade a firearm for drugs, not in the opposite, which is covered by Watson – i.e. trading drugs for a firearm. In Smith v. United States, 508 U.S. 223 (1993), the Supreme Court held that a criminal who trades his firearm for drugs "uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c). Id. at 241. Therefore, while receiving a firearm in exchange for drugs does not constitute "use" for purposes of § 924(c), the converse – receiving drugs in exchange for a firearm – does constitute "use" for purposes of § 924(c). See Watson, 552 U.S. at 83 (confirming Smith's continuing viability). Here, Petitioner intended to exchange a firearm for methamphetamine. Petitioner's conduct, falls within the purview of Smith, not Watson, and therefore, even if he had been convicted for "use" of a firearm instead of the "possession" prong

---

³ Every circuit court of appeals, including the Fourth Circuit, to consider, post-Watson, the question of whether the receipt of a firearm in exchange for drugs constitutes possession of a firearm in furtherance of a drug trafficking offense has held that it does. See United States v. Robinson, 627 F.3d 941, 955 (4th Cir. 2010); United States v. Gurka, 605 F.3d 40, 44-45 (1st Cir. 2010); United States v. Doody, 600 F.3d 752, 755-56 (7th Cir. 2010); United States v. Gardner, 602 F.3d 97, 102-03 (2d Cir. 2010); United States v. Mahan, 586 F.3d 1185, 1188 (9th Cir. 2009).

of § 924(c), he would not be entitled to habeas relief based on Watson.

Petitioner is not entitled to habeas relief. Therefore, for the reason stated herein, Petitioner's Motion to Vacate is denied and dismissed and the Government's Motion to Dismiss is granted.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that:

(1) The Government's Motion to Dismiss (Doc. No. 17) is **GRANTED**;

(2) Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is **DENIED** and **DISMISSED;**

(3) The Clerk shall prepare an amended Judgment in the criminal case correcting the clerical error whereby the Judgment related the offense of conviction in Count Three as using and carrying a firearm during and in relation to a drug trafficking crime. The amended Judgment should reflect that Petitioner's conviction on the § 924(c) charge was for possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c);

(4) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2);Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED.**

Signed: August 22, 2011

Richard L. Voorhees
United States District Judge